UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CLIFTON LLOYD AND
TAMMIE LLOYD                                                                                       PLAINTIFFS

V.                                                                         CIVIL ACTION NO.1:05CV28-JAD

HARRINGTON BENEFIT SERVICES, INC.                                                    DEFENDANT

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

The court has considered the defendant's motion for summary judgment (Doc. 22). The plaintiffs have filed no response to the motion.

## FACTUAL BACKGROUND

While Clifton Lloyd was employed by North American Pipe, a division of Westlake Chemical Corporation, he and his wife Tammie Lloyd were covered by Westlake's group health insurance plan. Harrington Benefit Services(HBS) administered Westlake's self insured plan.

On May 28, 2003, Clifton resigned to go to work for Cubicon. The Lloyds admit that they received a COBRA package advising them of their eligibility to continue coverage and the cost of coverage along with forms to elect to continue coverage. According to the Lloyds' deposition testimony, they filled out the COBRA forms and delivered them to Clifton's supervisor at Cubicon. The Lloyds claim that there was an oral agreement that the new employer Cubicon would submit the forms and pay the premiums during the sixty day waiting period before the Lloyds became eligible for Cubicon's health insurance. The Lloyds never submitted the election to Westlake/North American Pipe or Harrington Benefit and never paid any premium. The Lloyds have offered no proof that Cubicon submitted their COBRA forms or paid the premiums per the oral agreement. Though the Lloyds deny having received it, the defendant has produced its properly addressed letter

of August 19, 2003, notifying the Lloyds that there was no continuation of health benefits because no enrollment form had been received during the enrollment period.

After Lloyd left North American Pipe, claims for health care for Tammie were submitted to and paid by Harrington Benefit Services. On March 31, 2004, Clifton was rehired by North American Pipe. When Westlake faxed forms to HBS to re-enroll the Lloyds, Harrington Benefit found the error in payment. Its claims office should have been notified by its "COBRA" office of Clifton's termination from employment and the failure to elect continuation coverage. The claims office did not receive the notice and its records showed the Lloyds had been continuously enrolled during Lloyd's entire hiatus from his Westlake employer. HBS had paid just under fifteen thousand dollars in claims on Tammie Lloyd after her husband left his job. It demanded reimbursement from Tammie's medical providers and recovered just under ten thousand dollars. When their medical providers started pursuing the Lloyds for payment of their medical bills, the Lloyds brought this action.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

> Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553). If the party with the burden of proof cannot produce any

summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v MacDonald.* 893 F 2d 787, 793(5th Cir. 1990).

All facts are considered in favor of the non-moving party, including all reasonable inferences therefrom. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted)

## APPLICABILITY OF ERISA

In its motion for summary judgment the defendant asserts that the plaintiffs claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001-1461, as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161-68. While the plaintiffs' complaint makes no reference to ERISA, the plaintiffs invoked this court's federal question jurisdiction. It is clear that the employer provided group health benefits plan is an ERISA plan. It is equally apparent and undisputed that the plaintiffs' claims relate to the employer's ERISA plan and that any state law claims are preempted by ERISA. *Cornett v Aetna Life Insurance Co.*, 933 F. Supp. 641 (S. D. Tex. 1995); *Hogan v Kraft Foods*, 969 F. 2d 142 (5th Cir. 1992). Any state law claim made is re-characterized as if originally pled under ERISA. *Ellis v Liberty Life Assur. Co.*, 394 F. 3d 262, 269 (5th Cir. 2004).

## PLAINTIFFS' COMPLAINT

The plaintiffs complaint alleges that Tammie Lloyd incurred certain medical expenses between July 2003 and March 2004. Inquiries were made concerning health insurance coverage and Harrington authorized service. Medical providers were paid by Harrington during this time. The complaint asserts that Harrington subsequently withdrew the medical payments, without cause or

justification. The complaint demands a sum sufficient to pay all medical expenses, attorney's fees and costs.

The Lloyds' complaint seems to take the position that having erroneously confirmed medical coverage to Tammie's providers and having paid the medical expenses, that Harrington cannot correct its mistake and recoup benefits it paid in error. The complaint does not set out a claim for breach of contract, nor is equitable estoppel or waiver expressly pled, but each of these potential bases for recovery under ERISA have been addressed by the Harrington Benefit in its motion for summary judgment and are addressed by the court below.

## CLAIM FOR BENEFITS

Harrington contends that the Lloyds have no contract claim for benefits under COBRA on this insurance. Under the undisputed facts, the court agrees. The Lloyds understood the need to fill out the paperwork to elect COBRA coverage and that the payment of premium was required for this continuation of coverage. There is no dispute that the election to continue coverage was not received by Westlake and/or Harrington, nor were the required premiums paid. Assuming the truth of all the Lloyds have alleged and their deposition testimony, the culprit is not HBS but Cubicon. Neither Westlake nor Harrington Benefit have any responsibility for the failure to procure COBRA coverage. The Lloyds and/or Cubicon failed to submit the necessary paperwork and premiums. Therefore, there was no insurance through the Harrington Benefit administered health insurance program. Any claim for benefits fails because there is no proof of any entitlement to insurance coverage.

## EQUITABLE ESTOPPEL

The Fifth Circuit has left open the possibility that a cause of action may exist under ERISA for equitable estoppel based upon written statements. *Weir v. Federal Asset Disposition Assn.*, 123

F. 3d 281 (5th Cir. 1997). In order to establish a claim for equitable estoppel there must be proof of each of three elements. There must be 1) a material misrepresentation; 2) reasonable detrimental reliance on the representation; and 3) extraordinary circumstances. *Weir*, 123 F. 3d at 290. The defendant contends that the plaintiffs' claim fails to meet all three elements.

For the purposes of this motion, the court accepts the Lloyds' testimony that they did not receive the letter advising them that there was no coverage due to a failure to enroll. The court also considers and credits the testimony of Tammie Lloyd that she contacted Harrington on November 10, 2003, and obtained a written certification that she had current coverage through Harrington. It therefore appears that there is sufficient proof of a material misrepresentation of insurance coverage by HBS to the plaintiffs. While the certification is not attached to the motion, the references and questioning in the deposition make it obvious that the document exists and was produced to the defendant.

However, the Lloyd's alleged agreement with Cubicon was for the payment of COBRA coverage, until Cubicon's coverage was available to the Lloyds. The record shows that Cubicon's insurance coverage was effective November 1, 2003. HBS' representation regarding insurance coverage was made after that date. Per the Lloyds' testimony, they expected Cubicon to pay for coverage for them only until Cubicon's health plan was available. Therefore, according to the Lloyds, while they have sued for coverage for the entire ten month period, their agreement with Cubicon was for the period of May 28, 2003, when Clifton left Westlake/North American Pipe, and November 1, 2003, when the Lloyds obtained health insurance coverage through Cubicon. The Lloyds could not have detrimentally relied upon the misrepresentation of coverage after the end of the period in which Cubicon had purportedly promised to procure and pay for insurance for them.

5

There being a failure to provide any proof to support this essential element, upon which the Lloyd's bear the burden of proof, this claim fails.

## WAIVER

The defendant has addressed the possibility of a claim that HBS waived its right to deny coverage when it processed and paid Tammie Lloyd's medical claims. To establish a waiver there must be proof of a "voluntary or intentional relinquishment of a known right." *Pitts v. American Security Life Insurance Co.,* 931 F. 2d 351( 5th Cir. 1991). Here HBS admittedly 'knew', through its offices handling COBRA coverage, that the Mr. Lloyd was no longer employed and that they had neither received the paperwork or premiums for continuation of coverage. Accordingly, HBS 'knew' the Lloyds had no coverage. HBS nevertheless continued for ten months to pay medical claims due to a mistake. The only evidence in the record is that submitted by HBS. It claims, and the documents demonstrate, that the certifications of coverage and the payments were the result of a mistake. This is a classic case of the right hand not knowing what the left hand was doing. Unlike the insurer in *Pitts*, it neither received nor retained any premiums after notice of some breach. On this record, the plaintiffs have not presented any proof to support a claim of waiver.

The court finds that the plaintiffs have failed to present proof to support the essential elements of their claim for which they carry the burden of proof. The defendant is entitled to judgment as a matter of law. The motion for summary judgment is granted.

This the 8th day of March, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE